UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| Lan T. Tran<br>8471 Kings Meade Way<br>Columbia, MD 21046<br><br>    Plaintiff<br>v.<br><br>Schlee & Stillman, LLC<br>  c/o Lawrence Schlee, resident agent<br>  9712 A Magledt Road<br>  Parkville, MD 21234<br><br>and<br><br>David Schlee<br>  9712 Belair Road, Suite 203<br>  Nottingham, MD 21236<br><br>    Defendants | Case No. |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Lan T. Tran, by and through its undersigned counsel, Ducchi T. Quan, complaining of Defendants and respectfully avers as follows:

### I. Preliminary Statement

1. This is an action for damages by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") in its illegal efforts to collect a consumer debt.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### III. Parties

4.  Plaintiff Lan T. Tran is a natural person who resides in Columbia, Howard County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  Defendant Schlee & Stillman, LLC (hereinafter "Defendant Law Firm") is a collection agency operating from an address of 19712 Belair Road, Suite 203, Nottingham, Maryland, 21236, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.  Defendant David Schlee ("Defendant Schlee" and together with Defendant Law Firm, collectively, the "Defendants") is a natural person employed by Defendant Law Firm as an attorney and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV. Factual Allegations

7.  Plaintiff, at all times relevant, is married to Diana Tran.

8.  Sometime prior to 2010, Diana Tran incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card balance with Discover Bank in the approximate amount of $5,100, which was used to make Ms. Tran's personal purchases of food, clothing, and other personal use items.

9.  Due to financial circumstances beyond her control, Diana Tran fell behind in her payments on this account and it went into default status with the original creditor.

10. Sometime thereafter, the defaulted debt was consigned, placed or otherwise transferred to Defendants for collection from Diana Tran.

11. On or about August 16, 2010, the District Court of Maryland for Howard County (hereinafter the "Howard County Court") entered an Affidavit of Judgment against Diana Tran in favor of Discover Bank.

12. The judgment was not entered against Plaintiff because Plaintiff was not personally liable on the account and did not owe Discover Bank any money.

13. Plaintiff, at all times relevant, was not a judgment debtor to Discover Bank.

14. Sometime between August 16, 2010 and March 18, 2011, Defendant Law Firm petitioned the Howard County Court with a request for garnishment of Plaintiff's wages.

15. Sometime between August 16, 2010 and March 18, 2011, Defendant Schlee petitioned the Howard County Court with a request for garnishment of Plaintiff's wages.

16. On March 18, 2011 the Howard County Court issued a Writ of Garnishment of Wages against Plaintiff's employer, Choice Hotels International, Inc. (hereinafter "Choice Hotels"). Notice of such is attached hereto as **Exhibit A.**

17. Choice Hotels does not employ Diana Tran, at all times relevant.

18. Plaintiff, at all times relevant, is employed by Choice Hotels.

19. Plaintiff suffered loss of work time in trying to investigate and understand why his employer was issued a garnishment.

20. Plaintiff suffered loss of work productivity in investigating the garnishment at his workplace.

21. Plaintiff experienced anxiety, frustration, humiliation, embarrassment and other forms of emotional distress, both at home and in his workplace, due to the knowledge that co-workers received notice of the garnishment.

22. On March 6, 2012 a motion to release wages was filed by Defendants with the Howard County Court.

23. On March 7, 2012 the Howard County Court granted the motion and released garnishee Choice Hotels International, Inc. from the Writ of Garnishment.

24. The conduct of these Defendants in failing to verify that Plaintiff was a judgment debtor, in requesting a garnishment, and in the subsequent obtaining of a Writ of Garnishment of Wages issued to Plaintiff's employer, as fully described herein, were violations of numerous and

multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692(e)(2), 1692(e)(5), 1692f(1), and 1692f(6) amongst others.

25. The conduct of these Defendants in failing to verify that Plaintiff was a judgment debtor, in requesting a garnishment, and in the subsequent obtaining of a Writ of Garnishment of Wages issued to Plaintiff's employer, as fully described herein, were violations of numerous and multiple provisions of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-201 et seq. (the "MCDCA"), including, but not limited to, §§ 14-202(3), 14-202(4), and 14-202(8) amongst others.

### *Summary*

26. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of loss of work time, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment, amongst other negative emotions.

### III. Trial By Jury

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. Fed. R. Civ. P. 38.

### III. Causes Of Action

#### COUNT I.

#### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each and every Defendant constitute multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to 15 U.S.C. §

1692k; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of each and every Defendant constitute multiple violations of the MCDCA including, but not limited to, each and every one of the above-cited provisions of the MCDCA, § 14-201 et seq.

33. As a result of each and every Defendant's violations of the MCDCA, Plaintiff has suffered actual damages proximately caused by the violations, including damages for emotional distress or mental anguish, and is therefore entitled to damages pursuant to § 14-203 of the MCDCA from each and every Defendant.

### III. Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant :

A. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

D. for an award of such damages as are permitted by the Maryland Consumer Debt Collection Act § 14-201 et seq. against each and every Defendant; and

E. for such other and further relief as may be just and proper.

DATED: __March 15, 2013__

Respectfully submitted,
**Lan T. Tran**
By its attorney
/s/ Ducchi T. Quan
Ducchi T. Quan
**Fed Bar Id: 17784**
Attorney at Law
8200 Greensboro Drive
Suite 900
McLean, VA 22102
Telephone:   (202) 596-8830
Facsimile:   (202) 318-9163
Email:       dtq@quanlegal.com