```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

LAN T. TRAN                          *

        Plaintiff       *

        vs.             *   CIVIL ACTION NO. MJG-12-819

SCHLEE & STILLMAN, LLC, et al.   *

        Defendants      *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss With Prejudice [Document 4] and Defendants' Motion to Dismiss With Prejudice for Failure to Comply With Court Order [Document 7] and the materials submitted relating thereto. The Court has conferred with counsel and finds no need for a formal hearing.

Diana Tran ("Mrs. Tran"), wife of Plaintiff, Lan T. Tran ("Tran"), owed a credit card debt to Discover Bank. Discover Bank obtained a state court judgment against Mrs. Tran. Defendants (a law firm and an attorney with the firm) obtained a writ of garnishment from the state court and served the writ upon Choice Hotels. Choice Hotels was Tran's employer and not the employer of Mrs. Tran. Tran (not Mrs. Tran) sued Defendants for alleged violation of the Fair Debt Collection Practices Act[1] and the Maryland Consumer Debt Collection Law.

---

[1] 15 U.S.C. § 1692

Plaintiff, although given an opportunity to do so, has provided no authority supporting the contention that he - not being a debtor, consumer, or having any commercial connection with the debt at issue - can pursue either the asserted federal or state claims at issue.  Hence, the Court will dismiss the claims.

While the Defendants prevail on purely procedural grounds, it is appropriate to note that they have submitted evidence that indicates that they obtained the garnishment on the belief that Mrs. Tran was employed by Choice Hotels, that within 11 days of the service of the garnishment, Choice Hotels notified them that Mrs. Tran was not an employee, and that nothing was done to seek collection from Tran.

Finally, Defendants seek a recovery for Plaintiff's failure to comply with the Order of the Court to provide additional authority.  However, the Order stated: "Plaintiff shall provide any additional authority in opposition to the pending dismiss motion by June 6, 2012."  The statement did not require the submission of additional authority but imposed a deadline for providing any such authority.  There was no violation of a Court Order.

For the foregoing reasons:

1. Defendants' Motion to Dismiss with Prejudice [Document 4] is GRANTED.

2.  Defendants' Motion to Dismiss With Prejudice for Failure to Comply With Court Order [Document 7] is DENIED.

3.  Judgment shall be entered by separate Order.

SO ORDERED, on Monday, June 25, 2012.

```
                              _____/s/___    __ _____
                               Marvin J. Garbis
                           United States District Judge
```